The next case for argument is 16-3696 Southern District of Iowa MCC Iowa v. City of Iowa City The next case for argument is 16-3696 Southern District of Iowa Richard Patch Good morning, Mr. Patch Good morning Richard Patch for the plaintiff appellant I would like to reserve four minutes for rebuttal This appeal, we believe, is ultimately going to turn on two fundamental issues or questions The first is, are the Iowa City ordinances and the Iowa State statutes that require a franchise to construct, not just to operate, but to actually build a cable system valid and enforceable, i.e. not preempted The second issue is, whether or not a franchise was required did the city actually issue a franchise in the form of the right-of-way agreement which, in turn, would give Mediacom the right to elect the state license procedures We believe the court erred when it granted summary judgment finding the franchise was not required based solely on the issue of whether or not they were providing cable services at the time That's the wrong standard And second, they erred in finding that the franchise, the right-of-way agreement, was not in fact a franchise Let me be clear about what this case is not about Very important It is not about creating some barrier to entry for IOM That issue has already been resolved The courts, the FCC, have grappled with that as have the legislatures throughout the country, including the Iowa State legislature What the 07 order did, what the FCC order did was recognize that new entrants in this multiple-use arena were being held up by local franchising authorities who were establishing high barriers, high requirements, long delays to the entry of those new entrants What it did is it stripped those barriers back and it said, you must make it much, much easier Iowa State did precisely that in harmony with the balance that was struck by the FCC passed a system of regulation where, as a new entrant came into the marketplace they could get a state license, very easy application, essentially a one-page document and that would allow the incumbent, importantly, in the trade-off to also elect that same state license What was created was fair, what was created was good and it was fair because competition was level and it was fair because barriers to entry had been eliminated Excuse me Go ahead You mentioned the FCC order Yes Doesn't it suggest that, or say, that they can't be required to obtain a franchise until they propose to offer cable services? Well, what they said If that's accurate, have they proposed to offer cable services? Yes, what they said is that an incumbent local exchange carrier which they were addressing, who had the right to build out the entire city had already built out the entire city was asking to upgrade its system to a fiber-to-the-home system could not be required to get a cable franchise to do that unless and until it proposed to provide cable services and we believe that's the correct standard, the one that has to be addressed that what is the intent of the person putting the facilities in the ground? But has IMON proposed to offer cables? Have they offered to, in exchange for some subscription fee, to offer cable television services? No Or done any beta testing? No, they have not done that to a customer but they did repeatedly, regularly, and publicly tell everyone that they were proposing to build a cable television system They never said when, though, right? They did not They were very vague, and even today still are very vague about that, I think Well, Your Honor, the first time they said they weren't going to build a cable system was in the context of this litigation and an affidavit in connection with summary judgment They have never said Even then they still hint they might, though, right? Even then they have Yeah, yeah, yeah, yeah Even then they're still conflicted Right, the question is, though, this is an important part If the ordinances that require the determination at the time of construction are valid and enforceable, and we think they clearly are, there's no question then the franchising authority must make that determination What can't happen is the one thing that happened here The city refused The city can't refuse to make the determination They can't refuse on this I think they refused on this ill-conceived notion that their own ordinance had been preempted Well, I've never heard a city actually arguing that their own regulations have been preempted It's usually the other way around But leaving that aside for one minute They couldn't do that It wasn't preempted, so they're required to make that determination And more importantly What if Imon had never mentioned the intent to offer any kind of video services but went ahead and got approval to put the fiber optics in the ground? Would there have been a case there then if there had never been any indicia of potential intent? I believe the question has to be asked The person trying to build the facilities has to answer They can't answer in some pretextual way The city has to make a good faith determination That determination has many criteria Intent is not a hard thing to do Regulations require that determination all the time That happens But what's important here is this system that has been put into place which is a careful balance of the incumbent, the new entrance, the city This system does not work Isn't there a difference, though, between proposing something and an underlying intent? I think there is To be fair to you, your honor I think the eminence issue might affect that determination I think when they come to you and say We want to build a cable system and provide cable services in competition with the incumbent I think they're proposing to build a cable system and they need to have a franchise They then later change their mind when that's been challenged in front of litigation But they said it over and over and over again And city officials said, we're thrilled We can't wait We've been waiting and waiting for somebody to come in and provide competing cable services And again, it is an easy thing for IMON to do to get that state license They're not the one that's being burdened in this What's being burdened is that Iowa City is holding on to the old franchise obligations of Mediacom by refusing to acknowledge that there's been a franchise applicant in competition It's Mediacom that is being deprived of its state statutory rights Are you suggesting that the city must presume intent to offer video services if the equipment being installed would allow it at some point in time? No, I think that there are business plan If we were allowed to have discovery, which we were deprived of in this case was a whole separate issue But if we conduct discovery, we believe we're going to be able to show like any other business that they've done business plans, financial analysis of what they're going to do and whether they can afford to build this out and make a profit like any other company wants to do If they're putting cable revenues into that financial model I think that's pretty determinative of what they are proposing to provide cable services Similarly, if they're getting financing and they're putting cable revenues into financial applications Or if they're connecting it to the head end, which they have done in their area which allows right now for the purposes of this summary judgment It was conceded by the defendants that you could start providing cable services today All they have to do is flip the switch So yes, there's lots of inquiries that need to be made I was going to say this for them But look, the main point here ultimately is going to be technology has changed It used to be really easy to decide Phone companies had twisted wire, copper wires And cable companies had coaxial cable Now that's merged and accelerated But there's been no change in the regulatory framework The federal law is still the same Title 1 is completely deregulated Title 2 for telecommunications services is regulated as a common carrier And Title 6 cable services are regulated as cable services Where commercially they're essentially deregulated But they have to give up certain public benefits in exchange for the fact they're occupying That's the problem that the federal law is relatively old and outdated at this point in time, isn't it? I don't think so I mean, the regulatory construct is still in motion And as you know, even cable modems or broadband services has been switched back and forth recently So there is movement there I think the problem here is trying to define where that line is I mean, how much intent does one need to show in order to require them to get a franchise And have that additional burden on them Where do you draw that line? I think it has to be drawn in good faith and on substantial inquiry like any other line What it can't do here, but we never even got there in this case, Your Honor They refused to conduct that investigation at the time they issued it And importantly, when they did issue the right-of-way The staff report said specifically We understand that they're going to start building these facilities And it's, quote, geared towards the provision of cable, television, phone services to the community So it's not like they, at the time, that there was any doubt in their mind that was being built here Was going to be proposed to provide cable services That triggered the requirement It would have allowed Mediacom to opt to the state law And that's all that's really at issue here Having refused to do so And then, of course, to the extent that there is any doubt that it's become more difficult I don't think means, mere fact, you can't just look at the physical facilities and say Okay, now we know that there has to be more inquiry There has to be some intelligent analysis of what's going on And what's actually their intent or purpose for the facility Doesn't mean that they don't have to do it The state statute says it has to be done at the time you start construction So you're always going to have an ambiguity But that statute's enforceable It's entirely consistent with the federal statute It's not so far from preemption I can't even understand their argument to that effect So they can't avoid their obligation So what we're asking is that this erroneous summary judgment motion Which said to apply the wrong standard Only if you're applying cable services Do you have to ignore the state statutes Allow the city to ignore their own ordinances That has to be reversed The matter has to be remanded And in connection with that, we asked Do you find that those statutes and ordinances That obligate a franchise at the time of construction Are valid and enforceable and not preempted We also asked this court to look at the franchise Look at the definition of franchise in federal law And in state law And hold that the franchise has been granted So that we can go to the state and get a state license You know where in federal law it requires a franchise Before construction starts? In federal law, what it says in two places In 541B, it says a franchise shall be defined Shall be deemed to be the right to construct a cable system And then in the definition of franchise in 5229 It says that the franchise shall be The authority to construct or operate an important oar Same requirement Thank you very much May it please the court I represent the city of Iowa City And we've split the time with Imon For our argument for the appellees this morning Your honors, MediaCom keeps arguing in its briefs And counsel just got done arguing That Imon is installing a cable system The amicus brief from charter also says this is a cable system And then their arguments go on and on about what the cable system Regulations require It is not a cable system as a matter of law It's a mixed-use system which the FCC and the courts Have identified as a telecommunications system What Imon is doing falls squarely within the scope Of this 2007 FCC order And I would suggest to the court that it also Primarily in paragraph 121 Well it depends on what the word proposes means, right? No, I would disagree, your honor, because Counsel, that's in the order you told me controlled It says that, reading what it really says You're required to get a franchise When you propose to offer cable services And it also says Go ahead The last example in that same paragraph, your honor Is that if an entity deploys fiber optic cable That can be used for cable and non-cable services This deployment alone does not trigger An obligation to obtain a cable franchise Unless your previous sentence you proposed to do it So what's the definition to propose? Is this case that simple? It is that simple, your honor If you take a look as an example At the Illinois Bell v. City of Itasca case Which was entered about three or four months After the 2007 order In that case, the plaintiff, Illinois Bell Was upgrading from a copper wiring system To a fiber optic system The fiber optic system upgrade was going to be able To provide cable and non-cable services The county wanted to regulate it as a cable With a cable system And the court said, relying on the 2007 order That it's a multi-use network No cable franchise is required Until they're actually offering cable services And in the pleading in that case, your honor Illinois Bell said that its plan was to provide Both cable and non-cable services No appeal of that case, right? It ends with the Northern District? Correct, I'm not aware of an appeal Correct And the Northern District of Illinois Just went on to say in that case too That right now, which is applicable to our case Right now, the plaintiff is simply constructing A local distribution system Capable of delivering video programming services So what does proposed mean? Tell us what, you're here for the city What does it mean? It means that they're ready to go That they propose to offer cable I mean that the cable is Cable service is defined as the actual transmission Of video programming to subscribers And the FCC is very clear that As I just said before, well At least in one of the sentences That you deploy, that the deployment of That the deployment of a fiber optic system That can do both Alone Alone, yes, exactly But as long as there is a non-cable purpose This is also in paragraph 121 As long as there is a non-cable purpose Associated with the network The LEC, the local provider Is not required to obtain a cable franchise Until and unless it proposes What Mediacom wants this court to do Is interject propose equals intent And they won't, sorry your honor Thank you What if they propose to do it On their own internal documentation? They've included a line item In their future budgeting For cable service revenues in Iowa City It makes no difference Hold on, the word propose The dictionary says to form a plan To make a budget That's in all the dictionaries, trust me To set forth a purpose To set forth an intent Seems like they'd do it If we had a piece of paper, huh? Intent isn't in the statute This is the FCC's interpretation And the Fourth Circuit case Which actually, the Henrico County case Media one, which predates the FCC order Talks about how the cable system Is not a telecommunications system And so none of the requirements For the cable system And the cable act apply What if they'd gone to a bank And gotten underwriting? They're never going to tell you The city about it But they've gone to a bank And they've got underwriting To do cable all over your city Real cable, best cable ever Like Google comes to town Says they're the best That's ever come about If Google were to come to the city And say we propose To provide cable services To your city We're ready to go No, no, no They'd say it's our intent But we don't know We're going to do something else In the meantime Then you're getting Into the issue of Congress There's Congress in the FCC As the court knows The Supreme Court has said That the FCC has exclusive jurisdiction Over the Communications Act And the FCC and Congress Have put into place Through these orders Requirements that prioritize The deployment of these fiber optic Systems throughout the country Without allowing local Cable regulations Which frankly are A lot of which are really outdated As a practical matter Iowa cities? What? You said local ordinances Were outdated? No, Iowa cities Are Iowa cities outdated? From the standpoint Of the technology No, no, answer Are Iowa cities outdated? No Okay, proceed No If somebody were to come along Your honor And say I'm going to offer Cable in Iowa city And nothing else And they were going to lay An infrastructure For just cable That had no ability To provide internet or phone They'd have to file They'd have to comply With the ordinance The reality is People don't do that anymore When they lay it It's a fiber optic system Subject to the Telecommunications Act And the FCC has said We are not going to let These old cable regulations Get in our way Of what the FCC has said Is robust competition That they want in this area But the idea of this The argument that Proposal equals intent Is reading into the statute Something that is not there And again, I can only tell you To take a look Obviously I know it's not controlling But take a look At what the northern district did In that Itasca case Where the plaintiff Was proposing an upgrade And the plaintiff said Our plan is to provide cable And non-cable That was what it was And the court still said No, under this order You do not have to have A cable franchise If they said they planned to That sounds like it violates A dictionary definition Well, but your honor Then we have to decide Which of the provisions In section 121 apply Because the same The FCC is unequivocal They're clear as can be That the deployment Of fiber optic cable That can be used for cable And non-cable services alone Does not trigger an obligation To get a cable franchise And I would suggest to you That that's a little clearer And unambiguous Than the use of the term Proposes Because the dictionary definition May include the term Intent of propose But includes as you just said Other definitions as well Is it possible for a company To build an entire system And then at the last minute Before they turn it on They apply for a franchise For cable Conceivably Conceivably And I think the FCC Anticipates that I would suspect That they probably That the local community Whether it's the county Or a city Knows that that's going to happen But yes Under the FCC's orders here And the statutes The provider can do The full build out Of its wireless system Phone, internet cable And only when they are prepared To start providing The cable services The video programming To subscribers Do they have to get the franchise And whether that's I know Mediacom argues That's unfair But that's what the FCC Has said And as the Supreme Court Has said The FCC has exclusive Jurisdiction over the Interpretation of these Regulations Which is what I think They've done Thank you, your honor Thank you, Mr. D We'll hear from Mr. Zeiger Thank you, your honor I represent I'm on in this case Your honor To answer Judge Tunheim's Last question first Conceivably under federal law As Mr. D just said Not in Iowa Because Iowa has a specific statute Requiring notice to other providers In advance And so that's not possible Under those circumstances You know that there's at least 30 days In terms of notice requirement Your honor Judge Bent You were talking about The definition of propose And Mr. D's conversation With you about deployment And the FCC interpretation Is of course entitled To deference But that doesn't change The statute And your honors I would suggest to you That you can stick With the statute Now Mr. Patches Argued today About the Iowa statute I think the briefs Really talk about The Iowa city ordinance Not the Iowa statute But it's clear That the Iowa statute That authorizes The Iowa city ordinance In the first place Incorporates all the definitions Of the federal statute In the first place And it is clear That Iowa city Does not have the authority To proceed with Some other definition And it certainly Has offered no other definitions So what we have is Back to basics Good old fashioned Boring statutory interpretation And construction Cable operator Is someone who provides Cable service Now earlier in this case We had some shifting arguments That I'm on Is a cable provider One place Which means it's a cable provider Every place Well of course That's foolishness And we're no longer Dealing with that kind of argument I'm on is an offer Of cable services In the cedar rapids area Which is not Iowa city And cedar rapids Greater metropolitan cedar rapids I guess I may have this wrong Yes sir Doesn't this statute Go on to say That a cable provider Who constructs It does your honor And if you So how can you reconcile Because I think What you're arguing is You're not a cable provider Unless you're actually Providing Cable services I am absolutely Arguing that your honor But that's not the only Definition of the statute Okay let me finish I'm sorry Because later on It goes on to say If you construct Well at the time You are constructing You're not providing So it seems to me To be a little bit Inconsistent Or maybe ambiguous Maybe you can clear it up I would hope to do so sir Cable operator Is defined as a provider As I said Cable system And this is Complicated And you've got to Trace it carefully But this is 47 U.S. code 522 7C Cable system is a facility Quote Designed to provide Cable service But does not include Sub C A facility of a common carrier Subject To the provisions of this Common carrier Except That such facility Shall be considered A cable system To the extent The facility is used To transmit video So What is a cable system Your honor A cable system Comes into being At that point In which This multi-use fiber Perhaps designed For the purpose Of offering cable Is used So therefore you believe That the Iowa City code 12-4-6 Where it says construct And says or You think that's preempted By the statute You just told us about First of all I don't think I don't think you can Get there your honor Because the introductory Language Talks about Of the ordinance Yeah but wait Let me interrupt you And let's use your time Will Which is If you just read What this says No person Shall construct Any equipment For cable Without a franchise Now You say If I were to interpret That like it means to me In plain English You say that's preempted By 522-7C Yes sir Thank you I do say that And I don't think You even need to get there I don't think this Court needs To decide What an ordinance Of Iowa City means It isn't a state statute It's an ordinance And if the court Does decide To decide What the Iowa City Ordinance means There's an easier Interpretation Which is It all applies To cable system Defined to be Under the federal law Which doesn't exist Until it's actually used Now Under those circumstances Why do you see a case This isn't any different Frankly than The Puerto Rico case The beta testing case Your honor In which The company said We're going to do X And we want authority To do X We're going to do X tomorrow Or next week Or whatever I suppose In one sense That's an intent And the court said No If you do X  Services Without a franchise And you cannot do that Now What's the How do you reconcile The 30 I'm going to provide cable I know for sure I'm going to provide I wish they were Going to provide cable In Iowa City Your honors Every place That I'm on Provides cable It has a franchise I live in Iowa City I would love to have The option of I'm on cable As opposed to Media com cable In this case They don't have Any authority And frankly Your honor The common carrier Exception That we just Walked through And as well As the Illinois Bell case Show That the Extent Of the Requirement To grant a Franchise Is also Prohibits franchises Require beyond That point So that's why We say It's preempted Your honors There's a lot Of obstacles Before any company Can Can offer Cable In Iowa City You've got To get around The fact that It's a Heavily student Population You've got To get around The changes We don't Understand economics So well So back To law For a second So you Believe that You can Because you've got The telephone There and because You're there And because you Don't have a Proposal You believe You can do Everything up to the Point Do all the Construction And then decide That's the time You need a Franchise Right Yes sir Yes And there's No basis In law For any point Beyond that And at What point Is a gleam In someone's Eye An actual Intent to Trigger Obligations You think Beta testing That would Do it Beta testing Was held To be Offering of Services And you Agree with That Certainly Have no Problem with That definition And frankly I think as a Practical matter It would have To be in Some point In advance Of that How far in Advance Well I think As a business Matter you Could never Get to the Point where You're relying To wait on Somebody to Authorize a Franchise Before you Could do It so you've Got to You've got To predict In advance To let The process Work out That's just Common sense Unless you Want to Sit around And wait After you're Ready Thank you Thank you I think you Have it Exactly right On what Proposed Means I Think they Did propose Over and Over and Over again And only Withdrew that Proposal With a Pretext to Avoid Allowing Mediacom To go Get a State license That Circumstance Defeats the Entire Statutory Construction In Iowa And it Can't be Allowed to Stand Well now Congress Could do Away with That right Congress Could do Away with It but It has Not Congress Made very Clear That It Was The Balance The Competing Interest Of Local State And Federal Government Is Never Going To Regulate The Private Rights In Local Communities That's What's Happening Here The Illinois Bill Actually Favors Our You Have A Response To The Statutory Argument That Was Just Made The 7C Exception Yes I Believe That Refers To An Incumbent Local Exchange Carrier Providing Common Carrier Services That's Not This Case This Is A New Entrant Who Had To Get The Right To Construct In The Public Rights Are You Essentially Asking The Court To Do What The FCC Has Not Done And That Is To Require Cable Franchises Before A Mixed Use Network Is Built In  The Public Rights Are        What The FCC Has Not Done And That Is To Require Cable Franchises Before A Mixed Use           Asking The Court To Do What The FCC Has Not Done And That Is To Require Cable Franchises Before